# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:08CV-P186-R

**TIMOTHY DAWAYNE ROUSE, JR.** *et al.*                                        **PLAINTIFFS**

**v.**

**STEVE HILAND** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION

Seeking damages and injunctive relief, Plaintiff Timothy Dawayne Rouse, Jr.,[1] brings this 42 U.S.C. § 1983 action against Kentucky State Penitentiary Physician Dr. Steve Hiland and Kentucky Department of Corrections Medical Director Dr. Scott Haas. Plaintiff alleges a denial of medical treatment by Dr. Hiland based on Plaintiff's race in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). On review, the Court will dismiss the claims against Dr. Haas and allow the claims against Dr. Hiland to proceed.

---

[1] By Order entered March 10, 2009, the Court dismissed Plaintiff Kyrus Lee Cawl's claims without prejudice and terminated him from the action (DN 7). Only Plaintiff Rouse remains.

### *Defendant Dr. Haas*

Plaintiff alleges no facts associating Defendant Dr. Haas with the alleged constitutional violations.  In fact, Plaintiff merely names him as a defendant and fails to mention him anywhere else in the complaint.  Plaintiff further fails to show any causal connection between Defendant Dr. Haas and any alleged wrongdoing or constitutional deprivation.  Additionally, Defendant Dr. Haas' position as Medical Director does not automatically make him liable for the actions of his subordinates.  "Respondeat superior[2] is not a proper basis for liability under § 1983."  *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct."  *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'"  *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

Having alleged no active unconstitutional behavior on the part of Defendant Dr. Haas, Plaintiff has failed to state a cognizable claim against him.

### *Defendant Dr. Hiland*

The Court will allow the Eighth Amendment deliberate indifference claim and the Fourteenth Amendment equal protection claim to proceed against Defendant Dr. Hiland.

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment."  BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff Rouse, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005