# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:08CV-P186-R

**TIMOTHY DAWAYNE ROUSE, JR.** *et al.*  PLAINTIFFS

v.

**STEVE HILAND** *et al.*  DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by the parties.

**(1) Motion to compel (DN 36).** Plaintiff filed a motion to compel Defendant Dr. Hiland "to answer without objection" Interrogatory Nos. 2-7, 13-21, 24-31, and to respond to production Request Nos. 1-8, "on the basis Defendant has objected to each and every request . . . claiming attorney-client privilege" (DN 36).

Defendant filed a response advising that Plaintiff fails to attach copies of any of the answers or objections which are the subject of his motion and that Plaintiff failed to provide the certification required under Fed. R. Civ. P. 37, certifying that he has in good faith conferred or attempted to confer with Defendant in an effort to secure the information without court action (DN 63). Defendant further advises that he objected only to one of Plaintiff's interrogatories and discovery requests on grounds of attorney-client privilege but objected to various requests on a number of grounds, including lack of relevance, undue vagueness, undue burden, lack of knowledge, and erroneous premise. Nonetheless, in response to Plaintiff's motion to compel, and without waiving any of his objections, Defendant advises that, with the exception of the following requests addressed below, he responded to each interrogatory or document request with all relevant information within his knowledge.

*(a) Interrogatories 3, 5, 6, and 7 and Document Requests 1 and 2:* Plaintiff sought disclosure of information regarding the witnesses, expert witnesses, or exhibits Defendant expects to use at trial. Defendant objected on the grounds that the requests were premature, since Defendant has yet to determine the witnesses or exhibits he intends to use at trial. Defendant advised that he would comply with any deadlines or time frames established by the Court for identification of such information. **Because the Court has not specifically directed either party to provide disclosure of witnesses and their testimony, it sustains Defendant's objection to Interrogatories 3, 5, 6, and 7 and Document Requests 1 and 2.**

*(b) Interrogatory No. 4:* Plaintiff sought disclosure of "the name and address of each person you have or expect to speak with concerning this or these issues complained by Plaintiff." Defendant objected on the grounds of lack of relevance and undue vagueness and on grounds that it appeared to seek disclosure of information protected from discovery under the attorney-client privilege and the attorney work-product doctrine. **Upon consideration, the Court sustains Defendant's objection to Interrogatory No. 4.**

*(c) Document Request No. 4:* Plaintiff sought production of Defendant's income tax returns filed over the last seven years. Defendant objected for lack of relevance. **The Court sustains Defendant's objection to Document Request No. 4.**

In all other instances, reports Defendant, he provided relevant information and documents or agreed to have his counsel request relevant documents and produce them.

For the reasons specific to the foregoing discovery requests and because Defendant provided or agreed to provide all relevant information within his knowledge as to all other discovery requests, **IT IS ORDERED that the motion to compel (DN 36) is DENIED.**

**(2) Motion to compel compliance with subpoena and for contempt (DN 37).** Plaintiff moves the Court to compel Deputy Warden Alan Brown of the Kentucky State Penitentiary to comply with the subpoena served upon him requesting him to produce for inspection Plaintiff's medical records, medical co-pays, "CPO," and copies of all records on file in his office regarding Plaintiff. Plaintiff also asks the Court to hold Alan Brown in contempt for failure to comply with Fed. R. Civ. P. 45.

To his response (DN 59), Defendant attached a copy of the subpoena served on Brown. A review of the subpoena reveals that it was not issued by the Clerk as required by Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, . . . .) and that it was served by Plaintiff, a party, in contravention of Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena."). Further, Plaintiff fails to advise why he cannot obtain this information from Defendant Dr. Hiland by way of a request for production of documents.

Accordingly, **IT IS ORDERED** that the motion to compel compliance with subpoena and for contempt (DN 37) is **DENIED**.

**(3) Motion for leave to serve additional discovery requests (DN 45).** Plaintiff requests leave of Court to serve additional interrogatories and requests for production on Defendant because the complaint deals with two claims (Eighth Amendment claims regarding treatment for an ear infection and for alleged STDs), but his first set of interrogatories only related to his ear-infection claim. Plaintiff tendered his supplemental discovery request with his motion. He seeks to propound ten additional interrogatories and four additional requests for production (DN 46).

Defendant filed a response (DN 60) arguing that three of the interrogatories address new claims not raised in his complaint and that the other seven are repetitive of Plaintiff's previous interrogatories. Defendant, thus, urges the Court to deny Plaintiff's motion for leave to serve any additional interrogatories. Defendant, however, agreed to respond to Plaintiff's supplemental requests for production of documents by the discovery deadline.

In reply, Plaintiff asserts that he failed to serve discovery that related to his STD claim and has timely moved for leave to serve additional interrogatories (DN 66).

Upon consideration, **IT IS ORDERED** that the motion for leave to serve additional discovery requests (DN 45) is **GRANTED in part and DENIED in part.**

Because Defendant agreed to respond to the requests for production, **the request to serve additional requests for production (DN 45) is DENIED as moot.**

Because Plaintiff filed a timely request for leave to file additional interrogatories and because they appear relevant to Plaintiff's denial-of-treatment-for-STDs claim, **the request to serve additional interrogatories on Defendant (DN 45) is GRANTED. Defendant shall answer the supplemental interrogatories contained in DN 46 within 30 days of entry of this Order.**

**(4) Motions for order directing Department of Corrections (DOC) to provide Plaintiff with all documents, records, and things (DNs 52 & 64).** Plaintiff asks the Court to direct the DOC "to produce, copy and provide, Plaintiff with all documents, records, including but not limited to a complete copy of his medical and grievances records, a copy of all medical co-pay C.P.O.'s, and a copy of its medical standuards and procedures reguarding disease's and ear disorders." Plaintiff asserts that the records are material evidence which he needs to support

his claims. He reports that he has made an open records request and served two subpoenas but that the DOC continues to deny his requests.

In response, Defendant notes that the DOC is not a party to his action and that the Court's Scheduling Order already requires Defendant's counsel to produce to Plaintiff all documentation or records which are relevant to the claims set forth in the complaint that have survived initial review and to certify completion of production by February 12, 2010. Plaintiff filed no reply.

Because it appears that the requested documents are likely to have been produced by Defendant's counsel pursuant to the Court's Scheduling Order,[1] **IT IS ORDERED** that the motions for order directing the DOC to provide Plaintiff with various documents, records, and things (DNs 52 & 64) are **DENIED**.

**(5) Motion for order *in limine* (DN 78).** Plaintiff moves the Court to enter an order preventing Defendant from producing and introducing into evidence any and all witnesses, including expert witnesses, and any statements or information therefrom. He claims that Defendant has not provided the witness/expert witness information, despite his discovery requests for such information and the Scheduling Order's requirement that Defendant's counsel produce all records and documents to him. Plaintiff, therefore, asks that his motion be granted because discovery is complete, and Defendant has provided no information regarding witnesses.

In response, Defendant reports that he objected to Plaintiff's discovery requests with respect to the witness issue on the grounds that they are premature (DN 86). He advises that he has not yet determined the persons he expects to call as witnesses in the event a trial date is set and the action proceeds to trial. Defendant reserved the right to supplement the answer at a later

---

[1] A review of the record reveals that both Plaintiff and Defendant have attached numerous medical records to their respective motions for summary judgment.

date in accordance with any deadlines or time frames the Court may establish for identification of witnesses. Defendant did advise, however, that he has fully disclosed to Plaintiff the names, addresses, telephone numbers, and places of employment of all persons he believes may have knowledge of facts relevant to this action. Plaintiff filed no reply.

Because the Court has not specifically directed either party to provide disclosure of witnesses and their testimony, **IT IS ORDERED that Plaintiff's motion for order *in limine* (DN 78) is DENIED.**

**(6) Motion for extension (DN 82).** Defendant Dr. Hiland filed a motion for an extension of time to file his response to Plaintiff's motion for summary judgment. Plaintiff filed no objection. Upon consideration,

**IT IS ORDERED** that Defendant's motion for extension (DN 82) is **GRANTED**. Defendant's response filed on March 26, 2010 (DN 81), is deemed timely.

Date:

cc: Plaintiff Rouse, *pro se*
    Counsel of record
4413.005