# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**TIMOTHY DAWAYNE ROUSE, JR.**                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:08CV-P186-R**

**STEVE HILAND**                                                                             **DEFENDANT**

## MEMORANDUM AND ORDER

This matter is before the Court on numerous motions filed by Plaintiff. They are addressed below.

### *(1) Plaintiff's motion to compel and for sanctions (Docket Number (DN) 118).*

Plaintiff moves this Court to compel Defendant to respond to and produce Document Request Nos. 9, 10, 11 and 12 and to respond to the request for admissions. Plaintiff additionally requests that a sanction of $150 be imposed on Defendant for his failure to comply.

Defendant responds that Document Request No. 8 sought disclosure of documents outside his possession and control, if they even existed, but nonetheless reports that he contacted the appropriate Department of Corrections (DOC) officials, who determined that the only log containing any documentation of Dr. Hiland's rounds in 3-left walk, 3-cell house on the dates requested by Plaintiff was the Officers' Daily Activity Log, a copy of which Defendant reports having served on Plaintiff in his production of documents pursuant to a prior Order.

With respect to Supplemental Request No. 9, Dr. Hiland objected to Plaintiff's request for production of "a copy of all medical co-pay C.P.O.'S [(Cash Paid Out) slips] giv[en] you by plaintiff of all dates" as overbroad and pertaining to irrelevant time frames. Notwithstanding his objection, however, Dr. Hiland advises that on February 12, 2010, he produced copies of all medical co-pay C.P.O. slips from Plaintiff in possession or control of the DOC for the period

July 1, 2008, through December 31, 2009. He, therefore, contends that Plaintiff has received all that he is entitled to.

In response to Supplemental Request No. 10, Defendant argued that it was unduly vague, overbroad, and calculated to seek discovery of documents irrelevant to Plaintiff's action but nonetheless responded that "there are no documents describing how Defendant maintains complaints made by inmates during Defendant's sick call rounds" and that "[a]ny descriptions or complaints about medical symptoms raised by an inmate during a medical examination are documented in the inmate's medical record." Defendant indicates that copies of relevant portions of Plaintiff's medical record were served on Plaintiff on October 8, 2009, with Defendant's production of documents and that copies of Plaintiff's medical grievances were served on Plaintiff on February 12, 2010, with Defendant's supplemental production of documents. Dr. Hiland further notes that Plaintiff has terminated his prior written authorization for the release of his medical records, thereby preventing Defendant from serving any subsequent portions of Plaintiff's medical record or medical grievances with medical records as attachments without a Court order or new authorization from Plaintiff.

In Supplemental Request No. 11, Plaintiff seeks production of the written log of inmate complaints made during medical rounds. Defendant objected on the grounds that it was unduly vague, overbroad, and calculated to seek discovery of documents irrelevant to Plaintiff's action. Notwithstanding his objections, Dr. Hiland incorporated his response to Supplemental Request No. 10 above that the only "log" of inmate complaints during medical rounds in writing is the inmate's electronic medical record, the relevant portions of which Defendant states he previously produced. He again notes that Plaintiff has terminated his prior written authorization for the

2

release of his medical records, thereby preventing Defendant from serving any subsequent portions of Plaintiff's medical record or medical grievances with medical records as attachments without a Court order or new authorization from Plaintiff.

Finally, as Plaintiff's Supplemental Request No. 12, he asks for documents regarding the "medical Standard procedure for a person with HIV/AIDS." Defendant Hiland originally objected on the ground of lack of relevance and continues to rely on that ground.

As to the request for admissions, Defendant advises that he served Plaintiff with his answer on June 14, 2010, and will serve another copy on Plaintiff.

Plaintiff filed no reply and, therefore, has filed no objection to Defendant's response to his motion to compel.

Concluding that Defendant has adequately responded to the requests for production and admissions, **IT IS ORDERED** that the motion to compel the production of documents and to sanction Defendant (DN 118) is **DENIED**.

*(2) Plaintiff's motion to compel answers to interrogatories (DN 127).* By Order entered June 7, 2010 (DN 110), the Court granted Plaintiff's request to serve additional interrogatories on Defendant and directed Defendant to answer the supplemental interrogatories contained in DN 46 within 30 days of entry of the Order. In his motion to compel, Plaintiff claims that Defendant failed to comply with the Order. In response (DN 135), counsel for Defendant advised that after reviewing the Court's Order, he saw that an answer to Plaintiff's supplemental interrogatories had already been served on February 12, 2010, leaving him with the impression that no action was needed. Counsel further advised that in preparing to respond to the present motion to compel, it became apparent that it would be necessary to supplement

Defendant's prior February 12th answer as the prior answer mostly consisted of objections on the grounds of Plaintiff having exceeded the limitation on the number of interrogatories. Consequently, counsel indicated that Dr. Hiland would file a supplemental answer to Plaintiff's supplemental interrogatories within 14 days of the filing of his response to the motion to compel. Counsel indicated that he would file a notice of service with the Court when Dr. Hiland's answer had been served upon Plaintiff. Plaintiff did not file a reply.

A review of the Court's records reveals that no notice of service of Dr. Hiland's supplemental answer to Plaintiff's supplemental interrogatories has been filed. **IT IS THEREFORE ORDERED that within 14 days of entry of this Order, Dr. Hiland shall file a notice with this Court certifying that he has served his supplemental answer to Plaintiff's supplemental interrogatories on Plaintiff or show cause for his failure to do so.**

*(3) Plaintiff's motion to amend count three of his complaint (DN 134) and motion for leave to amend the complaint (DN 137).* In the complaint (DN 1), Plaintiff alleged that when he started experiencing night sweats, weight loss, and bleeding, he signed up to see Dr. Hiland and requested to be tested for all sexually transmitted diseases (S.T.D.'s). Plaintiff reports giving Dr. Hiland his C.P.O. slip for the sick-call visit and then Dr. Hiland walked away. The next week Plaintiff signed up to see Dr. Hiland again for the same symptoms. According to Plaintiff, Dr. Hiland then stated, "'Nigger' your not getting tested so stop signing up on sick call, and that they don't provide that kind of testing to color inmates." Plaintiff alleged a violation of the Eighth Amendment and also alleged a discrimination claim, which the Court allowed to proceed under the Fourteenth Amendment.

By Order entered August 23, 2010 (DN 136), the Court set a deadline of September 15, 2010, for the filing of any motions to amend and/or supplement the complaint (DN 136). In the motion to amend count three of the complaint (DN 134), Plaintiff seeks to add the complaint of pain to the symptoms alleged in his original complaint. In a more recently filed motion for leave to amend the complaint (DN 137), Plaintiff alleges that (1) on July 29, 2008, Dr. Hiland refused to provide Plaintiff with S.T.D. testing and treatment during a sick-call visit despite Plaintiff's complaints of night sweats, weight loss, pain, and skin problems; (2) on August 26, 2008, Dr. Hiland again refused to provide S.T.D. testing and treatment and discontinued his pain medication despite continued physical complaints; (3) on October 17, 2008, Dr. Hiland denied Plaintiff's request for testing and treatment in a response to a grievance; (4) on June 14, 2009, Dr. Hiland denied S.T.D. testing and treatment despite Plaintiff's continued complaints and worsening skin condition; (5) on September 29, 2009, and October 29, 2009, Dr. Hiland again denied Plaintiff's request for S.T.D. testing and treatment, contrary to Plaintiff's report of sexual activity and complaints of night sweats, weight loss, and burning pain; (6) from 2008 through 2009 Dr. Hiland repeatedly denied Plaintiff medical treatment even after charging him for each medical visit and failed to treat Plaintiff until 2010 when his injuries had worsened "into shortage of breath, more sever[e] burning pains, and permenent skin damages to Plaintiff's legs"; (7) Dr. Hiland caused permanent skin damage and intentional infliction of pain from July 2008 through 2010 by refusing medical treatment for S.T.D. complaints; and (8) on July 28, 2008, and thereafter, Dr. Hiland "repeatedly charge[d] money from [Plaintiff's] trust account for ungiven medical services, and [] would ignore Plaintiffs medical complaints and walk away without comments once rec[ei]ving a authorized money transfer slip from Plaintiff to be charged."

Plaintiff alleges that Dr. Hiland was deliberately indifferent to a serious medical need and that his actions were motived by class-based discrimination and violated the Takings Clause.

Because the Court "should freely give leave when justice so requires" pursuant to Fed. R. Civ. P. 15(a)(2), and finding no prejudice to Defendant, **IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint (DN 137) is **GRANTED**.[1]  **The Clerk of Court is DIRECTED to docket the amended complaint and its attachments with a filing date of September 13, 2010.**  Because Plaintiff alleges pain in the foregoing amended complaint, **IT IS ORDERED** that Plaintiff's motion for leave to amend count three of his original complaint (DN 134) is **DENIED** as unnecessary.

*(4) Plaintiff's motion for leave to amend his amended pretrial memorandum (DN 117) and motion to consolidate (DN 138) his previously amended pretrial memorandum in DN 69 with the new amended pretrial memorandum in DN 117.*  Defendant filed responses arguing that Plaintiff was adding new allegations to the action (DNs 140 & 148).  Plaintiff filed a reply (DN 144).  Upon consideration, and having granted Plaintiff's motion to amend the complaint,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his amended pretrial memorandum (DN 117) and his motion to consolidate those two documents (DN 138) are **GRANTED**.  The **Clerk of Court is DIRECTED** to file the amended pretrial memorandum in DN 69 and the amended pretrial memorandum attached to the motion for leave to file a pretrial memorandum in DN 117 together as one document in a new docket entry.

---

[1] Contrary to Dr. Hiland's argument that the amendment should be denied because Plaintiff has failed to exhaust some or all of the claims (DN 147), exhaustion is an affirmative defense, *see Jones v. Bock*, 549 U.S. 199 (2007), and more appropriately raised in a dispositive motion.

*(5) Plaintiff's motion for evidentiary hearing on summary judgment motions, to order the appearance of Plaintiff and inmate witness for the hearing, and appointment of counsel for the hearing (DN 121) and Plaintiff's motion to order Clerk to issue subpoenas for appearance at the hearing (DN 123).* By prior Order (DN 136), the Court remanded the motions for summary judgment (DNs 76 & 108) from the Court's active docket with leave to reinstate the motions following resolution of amendment and discovery issues. As the motions for summary judgment are no longer pending at this time, **IT IS ORDERED** that Plaintiff's motions for evidentiary hearing, to order appearance, and for appointment of counsel (DN 121) and motion for Clerk to issue subpoenas (DN 123) are **DENIED as moot**.

Date:

cc: Plaintiff Rouse, *pro se*
 Counsel of record
4413.005