UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:08CV-P186-R

**TIMOTHY DAWAYNE ROUSE, JR.**                                                                 **PLAINTIFF**

**v.**

**STEVE HILAND**                                                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on several motions filed by the parties. Each is addressed below.

(1) Plaintiff's motion for trial (DN 172). Because this matter is at the summary-judgment stage, a trial is premature at this time. **IT IS THEREFORE ORDERED** that the motion for trial (DN 172) is **DENIED**.

(2) Plaintiff's motions for evidentiary hearing and appointment of counsel (DNs 174 & 200). Plaintiff seeks an evidentiary hearing on the summary-judgment motions and appointment of counsel during the hearing. Defendant responded (DNs 181 & 205), and Plaintiff replied (DN 185). Finding an evidentiary hearing unwarranted, **IT IS ORDERED** that Plaintiff's motions for a hearing and appointment of counsel for the hearing (DNs 174 & 200) are **DENIED**.

(3) Plaintiff's motion for leave to file a surreply (DN 207). Plaintiff seeks to file a surreply to Defendant's reply in support of Defendant's motion for summary judgment. Defendant objects in part (DN 211). Upon consideration, **IT IS ORDERED** that Plaintiff's motion to file a surreply (DN 207) is **GRANTED**. The **Clerk of Court is DIRECTED** to docket Plaintiff's surreply.

(4) Plaintiff's motion to preclude Defendant's expert defense (DN 199) and motion for order certifying need for expert and extension of time to produce expert (DN 208). It appears that there is some confusion as to whether Plaintiff is *required* to present expert evidence. This is not a state-law medical malpractice action requiring expert testimony. *See Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("Kentucky law generally requires that a plaintiff prove both the existence of malpractice and causation with expert testimony."); *Blankenship v. Collier*, 302 S.W. 3d 665, 670 (Ky. 2010) ("Under Kentucky law, a plaintiff alleging medical malpractice is generally required to put forth expert testimony to show that the defendant medical provider failed to conform to the standard of care."). Rather, this is a federal, civil-rights action under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment. No expert medical evidence is required. This is not to say, however, that expert testimony may not be used in support or defense of a motion for summary judgment, but a dismissal is not warranted for the sole reason that there is no expert testimony. Therefore, **IT IS ORDERED** that Plaintiff's motions regarding expert testimony and an extension of time to produce an expert (DNs 199 & 208) are **DENIED**.

(5) Plaintiff's (DN 172) and Defendant's (DN 195) motions for summary judgment. Plaintiff filed a sealed document[1] (DN 202) in support of his response to Defendant's motion for summary judgment. Plaintiff did not serve the sealed document on Defendant. The Court finds that the sealed document should remain sealed from public disclosure but that the information is relevant to the Eighth Amendment claims in question and must be disclosed to Defendant.

---

[1] While Plaintiff advises that the sealed filing contains two affidavits, the sealed filing actually contains only Plaintiff's affidavit designated as Exhibit 22 and not an additional affidavit, which he designated as Exhibit 23. Based on a reading of Plaintiff's affidavit, the Court finds that the additional affidavit (Ex. 23) would be cumulative and unnecessary.

Consequently,

**IT IS ORDERED** that the **Clerk of Court shall serve a copy of the sealed document (DN 202) on counsel for Defendant.**

**IT IS ORDERED that within 21 days from entry of this Order, Defendant shall file under SEAL a supplemental reply** in support of his motion for summary judgment.  No later than **14 days** after service of Defendant's supplemental reply, **Plaintiff may file a supplemental surreply.**  Any supplemental surreply must be filed **under SEAL.**

**IT IS FURTHER ORDERED** that Plaintiff's and Defendant's motions for summary judgment (DNs 172 & 195) are **REMANDED** from the Court's active docket until the outstanding matter has been fully briefed.

Date:


cc:    Plaintiff Rouse, *pro se*
       Counsel of Record
4413.005